UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

GAZI B. ZIBARI, M.D.        *      CIVIL ACTION NO.  14-0858

VERSUS                     *      JUDGE S. MAURICE HICKS

INTERNATIONAL COLLEGE OF      *      MAG. JUDGE KAREN L. HAYES
SURGEONS - WORLD BODY, ET AL.

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the District Court, is a consolidated motion for leave to file an amended complaint and motion to remand [doc. # 10] filed by plaintiff Gazi Zibari.  The motions are opposed.  For reasons assigned below, the motions are DENIED.[1]

### Background

On March 4, 2014, Gazi Zibari filed the instant "Petition for Temporary Restraining Order, Preliminary and Permanent Injunctions and Declaratory Relief and Damages" (the "Petition" or "Complaint") in the First Judicial District Court for the Parish of Caddo, State of Louisiana.  Named defendants include the International College of Surgeons (incorrectly named in the petition as the "International College of Surgeons – World Body") (hereinafter"ICS"); Max Downham; Christopher Chen; Adel Ramzy; Yik Hong Ho; Clement Chan; Fidel Ruiz

---

[1]  As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Healy; and Earl Owen.  The petition alleges that Zibari, a transplant surgeon, was the 2013

president of the International College of Surgeons Alliance-United States Section (hereinafter,

"ICS-US"), a separate, subsidiary of the ICS.  (Petition, ¶¶ 3-4).  At some point, Zibari became

concerned about then-director of the ICS, Max Downham's opaque financial activities, as well as

the seemingly inappropriate control exerted on the governing members of the ICS and the ICS-

US by Downham and past ICS president, Christopher Chen.  *Id*.  Zibari memorialized his

concerns in an October 15, 2012, e-mail, that was seen by Chen, to which he took umbrage.  *Id*.

As a result, Zibari contends that Chen and Downham conspired to expel him from the ICS by

filing a grievance against Zibari to be heard by a committee appointed by Chen and Downham.

*Id*., ¶¶ 4-5.  Ultimately, the grievance committee convened and on, or about April 10, 2013,

issued a ruling expelling Zibari from the ICS.  *Id*., ¶ 11.

   Thereafter, on January 15, 2014, Downham sent Zibari an e-mail in which he asked

Zibari to return his ICS membership certificate and other indicia of membership – documentation

which Zibari alleges that he never possessed to begin with.  *Id*., ¶ 17.  Zibari perceived the

request as a threat to publicly embarrass him.  *Id*.

   Zibari alleges that as a result of the foregoing events, he was forced to undergo

neurological surgery in November 2012 to alleviate the physical manifestation of the emotional

distress that he had endured.  *Id*., ¶ 12.  He also suffered loss of consortium, difficulty sleeping,

persistent concerns regarding his professional career opportunities, lost productivity, and inability

to focus.  *Id*.

   Zibari further contends that he will suffer loss of reputation should defendants publish his

expulsion from the ICS.  *Id.*, ¶ 20.  Consequently, he petitions the court to issue a temporary restraining order ("TRO") and preliminary injunction prohibiting defendants from publishing his expulsion from the ICS.  *Id.*, ¶¶ 20-23.

Discerning from the face of plaintiff's petition the presence of federal subject matter jurisdiction, via both federal question and diversity, 28 U.S.C. §§ 1331 & 1332, defendant, ICS, removed the matter to federal court on April 22, 2014.  The next day, ICS filed an amended notice of removal, to which all other defendants consented and joined in.  (Amend. Notice of Removal).

On May 20, 2014, all defendants joined in a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6), and alternatively, to transfer venue.  [doc. # 7].  Two days later, plaintiff filed the instant motion for leave to amend his petition/complaint and to remand.  On June 17, 2014, defendants filed their opposition to the consolidated motions.  Plaintiff did not file a reply, and the time to do so has lapsed.  Thus, the matter is ripe.

## Law and Analysis

### I.  Removal Principles and Plaintiff's Motions

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a).  "The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252,

253-54 (5th Cir. 1961)).  To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal."  *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Plaintiff's proposed amendment seeks to delete his allegation that defendants violated federal employment law, and to add a non-diverse defendant that would destroy diversity jurisdiction.  In other words, the proposed amendment would reverse the asserted bases for federal subject matter jurisdiction and compel remand.  However, plaintiff also seeks remand because the amount in controversy does not exceed the jurisdictional minimum necessary to support diversity jurisdiction, and because all defendants did not join in or consent to removal. Therefore, he contends that the court does not enjoy subject matter and removal jurisdiction even without consideration of his proposed amendment.  Relatedly, if plaintiff's original complaint conferred subject matter jurisdiction via federal question, then whether there was/is diversity jurisdiction is moot.  Because these jurisdictional/removal issues affect the court's consideration of the motion for leave to amend, the court will address them first.

## II.      Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise.  *Id*.

4

Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ."  28 U.S.C. § 1441(a).  Here, removing defendants invoke federal subject matter jurisdiction, in part, on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff has alleged (1) a federal claim; (2) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; (3) a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive relief from state regulation on the basis that such regulation is preempted by a federal statute.  *Marren v. Stout*, Civil Action No. 12-0631, 2013 WL 1117539 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

Removing defendants contend that federal question jurisdiction is satisfied pursuant to ground one only.  However, for the sake of completeness, the court also will address the remaining grounds.

1)    <u>Federal Claim</u>

"The presence or absence of federal - question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions*

*Bank of Louisiana*,  522 U.S. 470, 118 S.Ct. 921 (1998).  "[A] suit arises under the Constitution

and laws of the United States only when the plaintiff's statement of his own cause of action

shows that it is based upon those laws or that Constitution."  *Louisville & Nashville R. Co. v.*

*Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43 (1908).  Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the
> United States, in the sense of the jurisdictional statute, ... must be determined
> from what necessarily appears in the plaintiff's statement of his own claim in the
> bill or declaration, unaided by anything alleged in anticipation of avoidance of
> defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10,
103 S.Ct. 2841, 77 (1983) (quoted source omitted).

However,

> [t]he plaintiff is [] the master of her complaint.  A plaintiff with a choice between
> federal- and state-law claims may elect to proceed in state court on the exclusive
> basis of state law, thus defeating the defendant's opportunity to remove, but taking
> the risk that his federal claims will one day be precluded.

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citations omitted).

In the case *sub judice*, defendants contend that the court enjoys federal question

jurisdiction because plaintiff alleged that he was "retaliated against by Downham and Chen with

the pretext of Chen's grievance complaint against . . . [him] in violation of **federal** and state

employment laws."  (Petition, ¶ 18) (emphasis added).  However, the petition does not request

relief under any federal law, nor does it reference the federal employment law purportedly

breached by defendants.  In fact, defendants acknowledge in their motion to dismiss that it is

unclear which federal or state employment laws are implicated by plaintiff's petition.

(M/Dismiss, Memo., pg. 21).

The court emphasizes that plaintiff's requested relief for injunctive and monetary

damages are all premised upon state law causes of action.  *See* Petition, ¶ 25 and Prayer.  Where, as here, plaintiff did not allege a separate cause of action stemming from an unspecified federal statute, it is manifest that he does not state a federal claim.  *See Howery, supra*; *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988).  At best, then, the alleged violation of a phantom federal employment law serves no more than an aggravating circumstance within plaintiff's claims for relief under state law.  This does not suffice to grant access to a federal forum.  *See MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

      2)    <u>Complete Preemption</u>

The "artful pleading" doctrine is an "independent corollary" to the well-pleaded complaint rule.  *MSOF Corp., supra* (*citing Rivet, supra*).  This principle provides that a "plaintiff may not defeat removal by omitting to plead necessary federal questions."  *Rivet, supra* (citation omitted).  The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim.  *Id*.  In fact, without complete preemption, the artful pleading doctrine does not apply.  *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 189 (5th Cir. 2001) (citation omitted).

Here, there is no allegation or showing that an unspecified federal employment law has completely preempted the field of employment law as required to support the artful pleading doctrine.

      3)    <u>Substantial, Disputed Issue of Federal Law</u>

A cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state

law requires resolution of a substantial, disputed question of federal law.  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983).  In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, the Supreme Court framed the question, as follows, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005).  However, it "takes more than a federal element to open the 'arising under' door."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

In the aftermath of *Grable & Sons*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction:  "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Applying the foregoing considerations here, the undersigned initially observes that defendants made no effort to demonstrate that plaintiff's petition meets the applicable standard.  This omission alone precludes a determination that plaintiff's petition raises "a significant federal issue sufficient to establish federal question jurisdiction."  *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 338 (5th Cir. 2008).  Moreover, in the case *sub judice*, there is no indication that resolution of an alleged violation of federal employment law is indispensable to

8

plaintiff's state law causes of action for intentional infliction of emotional distress and libel.  In

addition, exercising federal question jurisdiction in this case would upset the balance of state and

federal responsibilities by essentially federalizing state law tort claims that incidentally allege the

violation of an unknown federal statute – a result not intended by Congress or the Supreme

Court.  *See Singh, supra.*

In sum, defendants have failed to establish the stringent and limited circumstances

whereby a federal court may exercise federal question jurisdiction as a result of a federal issue

embedded within a state law cause of action.  *Singh, supra.*

4)      Injunctive Relief Based Upon Federal Preemption

In *Shaw v. Delta Air Lines, Inc.*, the Supreme Court held that

> [a] plaintiff who seeks injunctive relief from state regulation, on
> the ground that such regulation is pre-empted by a federal statute
> which, by virtue of the Supremacy Clause of the Constitution, must
> prevail, thus presents a federal question which the federal courts
> have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, n. 14 (1983).

In *Gillis, supra*, the court invoked *Shaw* to find federal question jurisdiction where the plaintiff

sought a declaration of rights and implicitly sought injunctive relief based on a federal statute.

*See Gillis, supra.*

Here, in contrast, plaintiff's sole claim for injunctive relief stems from violations of state

tort law  – not because any alleged transgression of federal law.

In sum, defendants have not demonstrated the existence of a federal question sufficient to

support the exercise of federal subject matter jurisdiction.

### III.    Diversity Jurisdiction

The federal diversity statute contemplates complete diversity of citizenship and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Both requirements are satisfied here.  First, the parties are completely diverse:  Plaintiff is a citizen of Louisiana; defendants are citizens of the District of Columbia, Illinois, Singapore, Egypt, Australia, Hong Kong, and Mexico.  (Amend. Notice of Removal, ¶¶ 9-17).  Second, defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > *          *          *
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

When, as permitted above, the amount in controversy is derived from the notice of removal, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  28 U.S.C. § 1446(c)(2)(B); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).  Removal cannot be supported by conclusory allegations, however. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (citations omitted).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  Furthermore, it is axiomatic that when resolving a motion to remand, the court looks at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998) (*"ANPAC"*).

Here, plaintiff seeks both injunctive relief and monetary damages.  (Petition, ¶ 25, Prayer).  In support of plaintiff's request for a TRO, counsel averred that unless the court enjoined the publication of his expulsion from the ICS, then plaintiff would lose his current employment, together with the ability to seek employment, renew his medical license, and obtain membership in other professional associations.  (Chu Certificate; Petition, Exh.).  In other words, plaintiff contends that his professional livelihood is at stake in this proceeding.

The court finds, more likely than not, that the value of a surgeon's livelihood exceeds the requisite jurisdictional minimum.  In addition, plaintiff seeks monetary damages stemming from

his intentional infliction of emotional distress claim which required him to undergo neurological surgery with resulting difficulty sleeping, persistent concerns regarding his professional career opportunities, lost productivity, and inability to focus. Plaintiff's claim for compensatory damages also suffices to independently exceed the jurisdictional threshold, irrespective of the claim for injunctive relief.

**IV.    Unanimity**

It has long been the rule in the Fifth Circuit, that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b).  *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)).  Failure to do so, renders the removal defective.  *Getty Oil*, 841 F.2d at 1263.  While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The JVCA codified the foregoing principles, as follows, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Defendants do not contest that they effected removal solely under § 1441(a).[2]  Thus, all properly served

---

[2]  Another provision of the JVCA provides that if plaintiff joins "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) . . ." with a claim not within the original or supplemental jurisdiction of the district court or that is nonremovable by statute, then the court shall sever and remand the latter claim(s).  28 U.S.C. § 1441(c)(1) & (2).  Under these circumstances, only those defendants against whom

defendants were required to timely consent to removal herein.

Plaintiff contends that remand is required because defendant, Adel Ramzy, who, according to plaintiff, was properly served, did not join in or timely consent to removal. Defendants contend that Ramzy was not properly served, however. *See* M/Dismiss. Plaintiff has not rebutted defendants' showing. In any event, Ramzy and all of the other individual defendants joined in the timely filed amended notice of removal, signed by their collective counsel. Thus, the removal was not procedurally deficient.

## V.    Leave to Amend

Having assured, heretofore, the existence of subject matter and removal jurisdiction, the court now turns to plaintiff's proposed amendment. As discussed earlier, the proposed amendment seeks to undermine the original grounds asserted by defendants to support federal subject matter jurisdiction by deleting the federal law allegation and by adding a non-diverse defendant. As to the former, however, the motion is superfluous as the undersigned has determined that the lone reference to federal employment law in the original complaint does not state a claim for relief and does not suffice to confer federal subject matter jurisdiction. If necessary, the federal law allegation may be dismissed via the pending 12(b)(6) motion.

Leave to amend to join Larry Sasaki, M.D., however, merits closer inspection. Because Sasaki is a citizen of Louisiana, and thus, non-diverse from plaintiff, his substitution will destroy diversity jurisdiction and compel remand. 28 U.S.C. § 1447(e).

An amendment to add a party may be analyzed under Federal Rules of Civil Procedure,

---

plaintiff asserted a claim arising under federal law need join in or consent to removal. 28 U.S.C. § 1441(c)(2).

Rule 15(a).  *Gallegos v. Safeco Ins. Co. of Indiana*, C. A. No. 09-2777, 2009 WL 4730570 (S.D.

Tex. Dec. 7, 2009); *see also Short v. Ford Motor Co.*, 21 F.3d 1107 (5th Cir. 1994) (reviewing a

motion for leave to amend to join a party under Rule 15(a)).  Rule 15(a) provides that a plaintiff

may amend his complaint *once as a matter of course* within 21 days after service of 1) a

responsive pleading or 2) a motion under Rule 12(b), (e), or (f)  – whichever is earlier.

Fed.R.Civ.P. 15(a)(1)(B) (emphasis added).[3]  Here, plaintiff's proposed amendment complies

with the foregoing temporal constraints, and thus, technically, leave of court is not required.

Nevertheless, a district court may deny leave to amend if the proposed amendment is futile –

even when the plaintiff is entitled to amend as a matter of course.  *United States v. Gonzalez*, 592

F.3d 675, 681 (5th Cir. 2009) (citations omitted).

    In addition, courts have held that amendment under Rule 15, even as a matter of course, is

circumscribed by 28 U.S.C. § 1447(e) which provides that "[i]f after removal the plaintiff seeks

to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. §

1447(e); *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997) (Section

"1447(e) trumps Rule 15(a)"); *Drew v. Rebuild Am., Inc.*, Civ. Action No. 13-384, 2013 WL

6179184 (S.D. Miss. Nov. 25, 2013); *Boyce v. CitiMortgage, Inc.*, 87 Fed. R. Serv. 3d 832 (W.D.

Tex. 2014).  Instead, under these circumstances, courts are required to "scrutinize [the]

amendment more closely than an ordinary amendment," in accordance with the considerations set

forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  *See Boyce, supra, Drew,*

---

    [3]  Because a complaint is a pleading that requires a response, Rule 15(a)(1)(B) is
applicable.

*supra*.  Specifically, the court must balance the defendant's interest in maintaining a federal forum, with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors,"

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.  The district court, with input from the defendant, should then balance the equities and decide whether amendment would be permitted.  If it permits the amendment of the non-diverse defendant, it must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-368 (5th Cir. 2010) (citation omitted).

Also, in the matter *sub judice*, defendants contend that leave to amend should be denied because plaintiff's proposed pleading fails to state any allegations against Sasaki.  The court will address this issue first.

    a)      <u>Colorable Claim</u>

In *Cobb v. Delta Exports, Inc.*, the Fifth Circuit stated that leave to amend to join a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction," should never be granted.  *Cobb. v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999).  Thus, the party opposing joinder has the opportunity to prevent joinder by arguing that plaintiff has no "colorable claim" against the proposed defendant.  *Id*.  Further, a plaintiff will not be "significantly injured" by a court's denial of leave to add a clearly meritless claim.  *Wilson*, 602 F.3d at 368.  Thus, it is within a district court's discretion to deny a proposed amendment as futile, if there is no reasonable basis to predict that plaintiff will be able to recover against the

would-be, non-diverse defendant.  *Id*.[4]

In the Rule 15 context, an amendment is futile if it "would fail to state a claim for relief upon which relief could be granted."  *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).

Upon review, it is manifest that plaintiff's proposed pleading fails to state a claim for relief against Dr. Sasaki, because other than naming him, it contains no allegations against him. In his supporting memorandum, plaintiff's counsel explains that Sasaki, the 2012 president of the ICS-US, was involved in plaintiff's expulsion from the ICS because Sasaki failed to enforce unspecified ICS-US bylaws.  (Pl. Memo., pg. 1).  Counsel's argument, however, is undermined by a March 22, 2013, letter attached to the proposed amendment (and also attached to the original complaint), in which Sasaki (and other members of the ICS-US) conveyed their support for Zibari to the ICS.  (Prop. Amend. Compl., Exh. P7).

In short, the court readily concludes that plaintiff has no colorable claim for relief and/or possibility of recovery against Sasaki, and thus, plaintiff's motion for leave to amend his complaint to join Sasaki must be denied.  *Cobb, supra*.  To the extent that the foregoing finding

---

[4] Albeit, the improper joinder doctrine, *per se*, does not apply to post-removal joinder(s). *Cobb*, 186 F.3d at 677.

16

is not alone dispositive of plaintiff's motion, the same result obtains upon consideration of the *Hensgens* factors.

   b)   <u>*Hensgens* Considerations</u>

   District courts have mulled various considerations to determine whether the purpose of a given amendment was to defeat federal jurisdiction.  For example, courts will ask "whether the plaintiff[] knew or should have known the identity of the non-diverse defendant when the state court complaint was filed."  *Schindler v. Charles Schwab & Co., Inc.*, C. A. No. 05-0082, 2005 WL 1155862 (E.D. La. May 12, 2005).  In addition, if "a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction."  *Id.*

   Here, plaintiff alleges that he intended to include Sasaki as a defendant originally, but, for whatever reason, neglected to do so.  (Pl. Memo., pg. 1).  Instead, just two days after defendants filed their omnibus motion to dismiss, plaintiff sought to remedy his initial oversight by filing the instant motion.  Although the court does not find that plaintiff was dilatory in seeking amendment only 30 days after removal and 79 days after she commenced the proceeding in state court, the timing of her motion so close on the heels after defendants filed their dispositive motion, suggests an ulterior motive.  This impression is buttressed by the fact that the proposed amendment fails to state a claim for relief against Sasaki.  *See* discussion, *supra*.

   As to prejudice, the court discerns no cognizable prejudice to plaintiff if leave to amend is denied because plaintiff does not have reasonable possibility of recovery against Sasaki.  In addition, there is no indication that Sasaki is in a position to grant plaintiff the proposed injunctive relief that he seeks.  Moreover, there are no allegations that Sasaki initiated or

17

sustained plaintiff's removal from the ICS, and thus, cannot be liable for plaintiff's claim for monetary damages.  These circumstances confirm that the principal purpose for the proposed amendment is to destroy diversity jurisdiction and secure remand to state court.  *See Shief v. Tenet Heathsystem Hosp. Inc.*, C. A. No. 1998 WL 849308 (E.D. La. Dec. 7, 1998).[5]

### Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiff's motion for leave to amend his complaint [doc. # 10] is DENIED.[6]  Having denied joinder and determined that plaintiff's alternative grounds urged in support of remand lack merit,

IT IS FURTHER ORDERED that plaintiff's motion to remand [doc. # 10] is likewise DENIED.

In Chambers, at Monroe, Louisiana, this 19th day of August 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[5]  Plaintiff does not urge any other dispositive "factor[] bearing on the equities" that is not otherwise subsumed within the above analysis.

[6]  Defendants ask the court to strike the pleading.  Having denied leave to amend to file the proposed pleading, the request to strike is redundant.