UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GAZI B. ZIBARI, M.D. | CIVIL ACTION NO. 14-0858 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| INTERNATIONAL COLLEGE OF SURGEONS, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a motion to dismiss filed by the Defendants International College of Surgeons ("ICS" or "the College"), Max Downham ("Downham"), Professor Christopher Chen ("Chen"), Professor Adel Ramzy("Ramzy"), Professor Yik Hong Ho ("Ho"), Professor Clement Chan ("Chan"), Dr. Fidel Ruiz Healy ("Healy"), and Professor Earl Owen ("Owen"). [Record Document 7]. Plaintiff, Dr. Gazi Zibari ("Zibari"), opposes the motion. [Record Document 15]. For the reasons which follow, the motion to dismiss is **GRANTED**.

## I. Facts and Procedural Background

On March 4, 2014, Zibari filed a "Petition for Temporary Restraining Order, Preliminary Injunctions, Declaratory Relief, and Damages" in the First Judicial District Court in Caddo Parish, Louisiana (the "Petition").[1] Zibari named the College, Downham, Chen, Ramzy, Ho, Chan, Healy and Owen as Defendants.[2] The College is a non-profit organization that is organized under the laws of the District of Columbia and has its principal place of business in Chicago, Illinois.[3] The College is a private, global organization of surgeons and surgical specialists who meet to promote surgical excellence and foster

---

[1] Record Document 1.

[2] Id.

[3] Record Document 7-1, p. 13.

Page 1 of 9

international fellowship.[4] Twenty-two of the College's 8,000 members are located in Louisiana, and the College receives $2,915 in membership fees from Louisiana.[5] The College is not registered to do business, owns no property, and does no advertising in Louisiana.[6]

Downham is the College's International Director, and Chen, Ramzy, Owen and Healy have all served as World Presidents of the College.[7] Downham is domiciled in Chicago, Illinois; Chen is domiciled in Singapore, Ho and Owen are domiciled in Australia; Ramzy is domiciled in Egypt; Healy is domiciled in Mexico; and Chan is domiciled in Hong Kong.[8] None of these individual defendants owns property in Louisiana, has business interests in Louisiana or maintains financial accounts in Louisiana.[9] The only individual Defendants who have ever visited the state are Ramzy, who visited for two days in 2010, and Healy, who attended a conference in New Orleans in 2007.[10]

The Petition alleges that Zibari, who is a transplant surgeon, was the 2013 president of United States Section of the College.[11] On October 15, 2012, Zibari emailed several members of the College over his concern about the financial transparency in the organization and the seemingly inappropriate control exerted on the governing members

---

[4] Id.

[5] Id. at p.12.

[6] Id.

[7] Id.

[8] Record Document 7-1, p. 11.

[9] Id. at p.10-11.

[10] Id. at p. 11.

[11] Record Document 7, p. 2.

of ICS and the ICS-US by Downham and Chen.[12] Several members, including Chen, took offense to the language and tone of Zibari's email.[13]

Zibari alleges that as a result of this email, Chen and Downham conspired to expel him from the College by initiating a session of the College's grievance committee, which Zibari contends was made up of Downham and Chen's supporters and was conducted in contravention of the College's governing documents.[14] The grievance committee convened in Taiwan, and after a hearing that Zibari did not attend, issued a ruling expelling him from the College.[15] On January 15, 2014, Downham requested that Zibari return his ICS membership certificate and other indicia of membership.[16] Downham noted in his request to Zibari that the bylaws of the College provide that if the membership indicia is not returned, the College may publish notice of the member's expulsion in medical publications.[17] Zibari argues that he never received any membership indicia, and no publication of the expulsion was ever made.[18]

On April 20, 2013, Zibari filed the Petition in state court, seeking a temporary restraining order preventing the Defendants from publishing his expulsion from the College and a preliminary injunction prohibiting the College from proceeding with the publication of the Plaintiff's expulsion from the College, ordering the Defendants to send a letter

---

[12] Record Document 1-1, ¶3-4.

[13] Record Document 7-1, p. 2-3.

[14] Record Document 1-1, ¶4-5.

[15] Id. at ¶11.

[16] Id. at ¶17.

[17] Record Document 7-1, p. 4.

[18] Id.

publically withdrawing such publication if such publication was already published, ordering the Defendants to rescind the grievance council's ruling to expel the Plaintiff, ordering a reversal of the expulsion decision, and ordering the reinstatement of the Plaintiff.[19] Additionally, the Plaintiff sought damages for "libelous and intentional infliction of mental anguish and emotional distress acts."[20]

On March 21, 2014, the Caddo Parish Clerk of Court issued a Long Arm Citation to ICS through its registered agent, Leon Edelman.[21] On April 22, 2014, ICS removed the case to this Court.[22] On May 20, 2014, Defendants filed the present motion to dismiss Zibari's claims [Record Document 7]. Zibari opposed the motion to dismiss on June 3, 2014 [Record Document 15]. Defendants replied to Zibari's opposition on June 10, 2014 [Record Document 16].

## II. Motion to Dismiss Standard

Defendants have argued that this matter should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and failure to state claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[23] The Court need not address each of these and will focus its attention on the motion to dismiss on the issue of personal jurisdiction.

On a pretrial motion such as this one where no evidentiary hearing is held, the

---

[19]Record Document 1-1, pp. 9-10.

[20]Id.

[21] Id. at p. 5.

[22]Record Document 1.

[23]Record Document 7, p. 1.

uncontroverted allegations in the Plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the Plaintiff's favor. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir.1990). Those facts must create for the Plaintiff a *prima facie* showing of jurisdiction. Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir.1986). If the Plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at trial or through a hearing by a preponderance of the evidence before he may obtain relief on the merits against the non-resident. Id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir.1996).

In applying the 12(b)(2) standard to this case, the Court would be remiss if it failed to note that the totality of Zibari's argument in his opposition to the Defendants' motion to dismiss consists of urging the Court to deny the motion as moot, based upon Zibari's concurrently filed motion to amend his complaint and motion to remand.[24] Zibari argued that once his motion to amend the complaint was granted, the case would be remanded, and the motion to dismiss would be moot. Unfortunately for the Plaintiff, his motions to amend and remand his complaint were denied by Magistrate Judge Hayes on August 19, 2014.[25]

Zibari apparently assumed, incorrectly, that his motion to amend and motion to remand would be granted. He deliberately chose not to take advantage of his opportunity to answer the Defendants' arguments at the time their motion to dismiss was filed. Plaintiff states in his opposition that if the Court intends to judge the motion to dismiss on its merits, he seeks an additional fourteen days to respond. At this late date, the Court will not grant the Plaintiff any additional time to amend his opposition. However, the Court notes that in

---

[24] Record Document 15, p. 1.

[25] Record Document 18.

the six months since the denial of his motions to amend and remand, Plaintiff has not sought leave to amend his opposition. Therefore, the Court will analyze the Defendants' arguments with the facts as reflected in the record.

### III.  Law and Analysis

As this case is before the Court based on the diversity of citizenship between the parties, the Court, under Erie, is bound to apply Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A district court sitting in diversity may exercise personal jurisdiction over Defendants if the Louisiana long-arm statute confers personal jurisdiction over them and if the exercise of personal jurisdiction comports with due process under the United States Constitution. See Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). The Louisiana long-arm statute extends the limits of due process, and thus, the Fifth Circuit Court of Appeals has collapsed the usual two-step inquiry into a single question. Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000). The Fifth Circuit found that a court must determine whether the exercise of personal jurisdiction over the Defendants is permissible under the Due Process Clause of the Fourteenth Amendment. Id. The Due Process Clause permits exercising personal jurisdiction over a nonresident defendant if: (1) the defendant has purposefully availed himself of the protections and benefits of the forum state by establishing "minimum contacts" with the state, and (2) the exercise of jurisdiction comports with "fair play and substantial justice." Id. at 214-15.

#### A. Minimum Contacts

The purposeful availment prong of the minimum contacts analysis "ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random, fortuitous, or attenuated contacts...or the unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The minimum contacts of a

nonresident Defendant may support either general or specific jurisdiction. Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997).

### i. General Jurisdiction

General personal jurisdiction exists when a non-resident Defendant's contacts with the forum state are substantial, continuous, and systematic. MCR Mktg., L.L.C. v. Regency Worldwide Serv., L.L.C., No. 08-1137, at *3, 2009 WL 728523 (W.D. La. 03/18/09)(citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-19 (1984)). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Id. (citing Submersible Sys., Inc. v. Perforadora Cent., S.A., 249 F.3d 413, 149 (5th Cir. 2002)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." Id. (citing Moncrief Oil Int'l Inc. v. IAI Gazprom, 481 F.3d 309, 312 (5th Cir. 2007)).

It is clear from the facts presented above that none of the Defendants has had sufficient contacts with the State of Louisiana for this Court to subject them to personal general jurisdiction in this matter. Therefore, if this Court is to have jurisdiction over the Defendants, it must be specific jurisdiction.

### ii. Specific Jurisdiction

Specific jurisdiction exists when the non-resident Defendant's contact with the forum state arises from, or is directly related to, the cause of action. MCR Mktg., 2009 WL 728523 at *2. The non-resident Defendant must have "purposefully directed its activities at the forum state, and the litigation results from alleged injuries that arise out of or relate to those activities." Id. (citing Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008). In sum, for specific jurisdiction to be applied, it must be shown that "(1) there are sufficient (i.e. not random fortuitous or attenuated) pre-litigation

connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." Pervasive Software, Inc v. Lexware GmbH & Co. KG, 688 F.3d 214, 221-22 (5th Cir. 2012)(internal marks omitted). If a Plaintiff makes the above showing, then the Defendant can defeat specific jurisdiction by showing that "it would fail the fairness test, i.e.,that the balance of interest factors show that the exercise of jurisdiction would be unreasonable." Id.

As described above, the individual Defendants have limited, if any, contacts with the State of Louisiana. Only two of the individual Defendants, Ramzy and Healy, have ever visited the state.[26] Similarly, the College has only had limited contact with the state, with most of that contact provided by Zibari.[27] Moreover, the Plaintiff's cause of action for the present case was not caused by or related to any of the Defendants' contact with the State of Louisiana. The Plaintiff's cause of action stems from the Taiwan grievance hearing which resulted in his expulsion from the College.[28] There is no evidence that Zibari's expulsion was publicized in Louisiana.[29] The litigation pending before this Court does not stem from any actions by the Defendants in Louisiana. As such, Plaintiff has failed to allege facts that create personal specific jurisdiction over the Defendants.

As the Plaintiff has failed to allege sufficient minimum contact between the Defendants and the State of Louisiana, the Court need not determine whether the exercise of jurisdiction comports with fair play and substantial justice. Therefore, the Court finds that

---

[26]Record Document 7-1, p. 11.

[27]Id. at p. 12.

[28]Id.

[29] Id.

the Plaintiff has not met his burden of making a prima facie showing of jurisdiction, and the Defendants' motion to dismiss shall be **GRANTED**.

IV.     Conclusion

For the foregoing reasons:

**IT IS ORDERED** that the Defendants' Motion To Dismiss Plaintiff's Claims [Record Document 7] is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over any named Defendant. A judgment consistent with the terms of this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this ___ day of February, 2015.

Elizabeth Erny Foote
United States District Judge